**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL L. BROWNING,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>BILL DONAT, ESP Associate Warden; et al.,<br><br>    Defendants - Appellees. | No. 10-16823<br><br>D.C. No. 3:00-cv-00633-ECR-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

 Nevada state prisoner Paul L. Browning appeals pro se from the district

court's judgment enforcing a settlement agreement with defendants Donat and

McDaniel (the "State Defendants") regarding his 42 U.S.C. § 1983 action arising

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from the prison recording Browning's telephone calls with his attorney. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003), and we affirm.

The district court did not abuse its discretion in enforcing the settlement agreement because, despite delays that did not prejudice Browning and the substitution of terms due to the impossibility of performance, the State Defendants substantially complied with the agreement. *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (the finding that a party consented to a settlement and intended to be bound by it must be affirmed unless clearly erroneous); *see also Nebaco, Inc. v. Riverview Realty Co.*, 482 P.2d 305, 307 (Nev. 1971) (defense of impossibility applies where performance of a contract term is made impossible or highly impractical by the occurrence of unforeseen contingencies).

Browning's remaining contentions are unpersuasive.

**AFFIRMED.**